UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA        :       **08 CR. 375 (RPP)**

     - v -                :

**KYRONE DOUGHTY**       :

          Defendant.       :

-------------------------------------------------------X

     **PLEASE TAKE NOTICE** that upon the annexed declarations of **Peggy M. Cross, Esq.**, and **Kyrone Doughty**, the undersigned will move this Court, before the **HONORABLE ROBERT P. PATTERSON**, United States District Judge for the Southern District of New York, at the United States Courthouse located at 500 Pearl Street, New York, New York, at a time to be designated by the Court, for an order suppressing statements and physical evidence obtained on or about April 3 and 4, 2008, as well as any fruits of the unlawful search and seizure, or in the alternative, granting a hearing on this matter, pursuant to Rules 12 and 41 of

the Federal Rules of Criminal Procedure, and granting such other

and further relief as the Court deems just and proper.

Dated:    New York, New York
          June 12, 2008

                                    Respectfully submitted,
                                    LEONARD F. JOY, ESQ.
                                    Federal Defenders of New York

                          By:    _Peggy M. C_____

                                    **PEGGY M. CROSS, ESQ.**
                                    Attorney for Defendant
                                    **KYRONE DOUGHTY**
                                    52 Duane Street - 10th Floor
                                    New York, New York 10007


TO:    **MICHAEL J. GARCIA, ESQ.**
       United States Attorney
       Southern District of New York
       One St. Andrew's Plaza
       New York, New York 10007
       Attn:    **Glen Kopp, ESQ.**
                Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

UNITED STATES OF AMERICA           :

     - v -                          :     **AFFIRMATION**

KYRONE DOUGHTY,                     :     **08 Cr. 375 (RPP)**

              Defendant.    :

---------------------------------X


    **PEGGY M. CROSS, Esq.**, hereby affirms under penalties of
perjury pursuant to 28 U.S.C. §1746:

    1.   I am a staff attorney with the Federal Defenders and
trial counsel to the defendant Kyrone Doughty.  I make this
affirmation in support of Mr. Doughty's motion to suppress
physical evidence seized from his him on or about April 3, 2008
and any post-arrests statements elicited from him.  All
statements herein are based on information and belief, unless
otherwise indicated.

    2.   Mr. Doughty is charged by indictment with one count of
possession of a firearm.

    3.   At approximately 10:20 p.m. on April 3, 2008, according
to the criminal complaint filed in this case, a police officer
"noticed [Mr.] Doughty appear to stare at his vehicle and try to
peer into the tinted windows," "put his hand to his waist and
adjust a bulge in his waistband in a manner consistent with
adjusting a firearm," and "maintain[] his hand on the bulge."

See Exhibit A, Criminal Complaint at ¶2(b). According to the complaint, two officers stopped and exited their vehicle and "observed Doughty with his hand covering a bulge in his waistband as if he was holding a firearm." Id. at ¶2(c). According to the complaint, the police announced that they were police and Mr. Doughty "maintain[ed one] hand over the bulge in his waistband" and "refused to remove the one hand from covering the bulge in his waistband." Id. at ¶2(d). According to the complaint, Mr. Doughty then tried to run away from the police. Id. at ¶2(e). According to the complaint, while this was happening, one officer "noticed [Mr.] Doughty grab for his waist where he observed the handle of a firearm." Id. According to the complaint, another officer approached Mr. Doughty and observed a firearm in his hand. Id. at ¶2(f).

4. According to a May 8, 2008 letter from the Government, following the above encounter, Mr. Doughty made certain statements to the police regarding the possession of a firearm. See Exh. B, May 8, 2008 Letter from Glen Kopp to Peggy Cross, at 1.

5. Mr. Doughty denies engaging in any suspicious behavior prior to his encounter with the police. See Exh. C ¶3. He denies staring at the officers' car or peering into car windows. Id. He denies that there was a visible bulge in his waistband, id. at ¶5, denies adjusting a bulge in his waistband, id., and denies placing his hand on any bulge in his waistband. Id. He

also denies trying to run away from the police.   Id.

    6.   The physical evidence in this case should be suppressed because it was obtained as a result of the illegal seizure of Mr. Doughty.   The police had no authority as an initial matter to detain or seize Mr. Doughty, see Terry v. Ohio, 392 U.S. 1, 30 (1968);   United States v. Bayless, 201 F.3d 116, 132 (2d Cir.2000), and they did not have the authority to frisk him. Ybara v. Illinois, 444 U.S. 85, 93 (1979); United States v. Jaramillo, 25 F.3d 1146, 1151 (2d Cir. 1994).   Thus, the seizure of Mr. Doughty and the discovery of the firearm were unlawful.

    7.   After Mr. Doughty's arrest, while in police custody, he was questioned at the 41st Precinct house in the Bronx.   This questioning is the unlawful fruit of the illegal seizure of Mr. Doughty and the statements obtained as a result of this questioning must therefore be suppressed as well.   Brown v. Illinois, 422 U.S. 590 (1975).

**WHEREFORE**, it is respectfully requested that the Court issue an ORDER suppressing the physical evidence and statements obtained from Mr. Doughty in violation of his constitutional rights; or in the alternative that the Court set a hearing on this motion pursuant to Federal Rules of Criminal Procedure 12 and 41.

Dated:  New York, New York
       June 12, 2008

                          **PEGGY M. CROSS, ESQ.**

Exhibit A

Approved: _____
GLEN KOPP
Assistant United States Attorney

Before:  HONORABLE JAMES C. FRANCIS
United States Magistrate Judge
Southern District of New York

08 MAG 0791

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA     :     SEALED
                                   COMPLAINT
          v.                 :
                                   Violation of
KYRONE DOUGHTY,              :     18 U.S.C. § 922(g)(1)

               Defendant.    :     COUNTY OF OFFENSE:
                                   BRONX

- - - - - - - - - - - - - - - - - - -x

SOUTHERN DISTRICT OF NEW YORK, ss.:

          JOSEPH FITZGERALD, being duly sworn, deposes and says
that he is a Detective with the Gun Enhancement Unit of the New
York City Police Department, and he charges as follows:

COUNT ONE

          On or about April 3, 2008, in the Southern District of
New York, KYRONE DOUGHTY, the defendant, after having been
convicted in a court of a crime punishable by imprisonment for a
term exceeding one year, to wit, a conviction on or about
February 6, 2006, in New York Supreme Court, Bronx County, of
Criminal Possession of a Controlled Substance in the Third
Degree, in violation of New York Penal Law 220.16, a Class B
Felony, unlawfully, willfully, and knowingly did possess in and
affecting commerce, a firearm, to wit, a loaded .38 caliber
Taurus firearm, which previously had been shipped and transported
in interstate and foreign commerce.

          (Title 18, United States Code, Section 922(g)(1).)

          The bases for my knowledge and for the foregoing
charge, is, in part, as follows:

          1.    I am a Detective in the Gun Enhancement Unit of
the New York City Police Department ("NYPD"), and I have been
personally involved in the investigation of this matter.  This
Affidavit is based upon my personal participation in the
investigation, my examination of reports and records, and my

00003

conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2.     I have spoken with an officer of the NYPD ("Officer-1"), who informed me of the following, in substance and in part:

a.     On April 3, 2008, at approximately 10:20 p.m., Officer-1 and another officer of the NYPD ("Officer-2") were on a routine patrol in an area in the Bronx, New York which had recently experienced a spike in crime, including a string of robberies and a homicide. The Officers were in plain clothes and were driving an unmarked patrol vehicle with tinted windows.

b.     Officer-1 observed KYRONE DOUGHTY, the defendant, standing on the sidewalk, facing the street, as he was speaking with two individuals. Officer-1 noticed DOUGHTY appear to stare at his vehicle and try to peer into the tinted windows. As DOUGHTY stared at the Officers' vehicle, Officer-1 noticed DOUGHTY put his hand to his waist and adjust a bulge in his waistband in a manner consistent with adjusting a firearm. DOUGHTY maintained his hand on the bulge.

c.     The Officers stopped their vehicle and exited. As the Officers approached KYRONE DOUGHTY, the defendant, and the other two individuals, Officer-1 again observed DOUGHTY with his hand covering a bulge in his waistband as if he was holding a firearm.

d.     The Officers announced that they were police officers and asked DOUGHTY to show them his hands. DOUGHTY only lifted one hand in response, maintaining his other hand over the bulge in his waistband. Officer-1 asked DOUGHTY to show him is other hand, and DOUGHTY said, "what's the problem officer?" DOUGHTY again refused to remove the one hand from covering the bulge in his waistband.

e.     KYRONE DOUGHTY, the defendant, then tried to run away from the Officers. Officer-2 grabbed DOUGHTY's arm before he could get away. DOUGHTY tried to break free from Officer-2. As DOUGHTY was being held by Officer-2, Officer-1 noticed DOUGHTY grab for his waist where he observed the handle

-2-

of a firearm.

   f. Officer-1 approached KYRONE DOUGHTY, the defendant, and observed a firearm in DOUGHTY's hand.  Officer-1 grabbed DOUGHTY's hand, and the firearm fell to the ground. Officer-1 procured the firearm and the Officers arrested DOUGHTY.

   3. I have conferred with a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("Special Agent-1") regarding the firearm's origin and shipment.  According to the Special Agent, who has specialized training and knowledge regarding firearms manufacturing, the .38 caliber Taurus firearm was not manufactured in the State of New York.

   4. I have reviewed criminal history records pertaining to KYRONE DOUGHTY, the defendant, which reflect that he was convicted on or about February 6, 2006, in New York Supreme Court, Bronx County, of Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law 220.16, a Class B Felony.

   WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of KYRONE DOUGHTY, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

JOSEPH FITZGERALD
Detective
New York City Police Department

Sworn to before me this
9th day of April 2008

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

JAMES C. FRANCIS IV
UNITED STATES    MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

-3-

00005

Exhibit B

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 8, 2008

**By Hand**

Peggy Cross, Esq.
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, New York 10007

   Re:  **United States v. Kyrone Doughty,**
       **08 Cr. 375 (RPP)**

Dear Ms. Cross:

   This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery.

Disclosure By the Government

   Based on your request for discovery in this case, I have enclosed copies of the following materials, which are stamped with control numbers 00001 through 00029:

   1. A copy of the indictment, complaint and arrest warrant in this matter;

   2. The defendant's criminal history record;

   3. The United States Marshals Service intake form and photograph of the defendant;

   4. The defendant's <u>Miranda</u> waiver form and statement to police;

   5. NYPD Firearms Analysis Section Firearm Examination Report; and

   6. NYPD Property Clerk's Invoice number P076066.

   The Government here discloses, in sum and substance, the following oral statements made by the defendant. On or about April 4, 2008, in the 41st Precinct house in the Bronx, New York, the defendant, after being advised of his <u>Miranda</u> rights and waiving them, said in substance and in part, that:

Peggy Cross, Esq.
May 8, 2008
Page 2

1.  He was in possession of the firearm the police recovered when he was arrested on April 3, 2008;

2.  He had the firearm with him on April 3, 2008 because the two guys he was meeting with before he was arrested were upset with him because he was selling drugs in front of one of the buildings at which they sell drugs;

3.  Of the two guys he was meeting with before he was arrested, one was his drug supplier and the other person worked for his drug supplier;

4.  In September 2007, he purchased the firearm from a male, black, 5'07" to 5'08", named Mike;

5.  He paid $400 for the firearm, which he purchased on East 168th Street between Union Avenue and Prospect Avenue, Bronx, New York; and

6.  The firearm was loaded because he put the bullets in the gun after he purchased it.

If you wish to inspect any of the evidence listed on the Property Clerk's Invoice, please let me know and I will make arrangements for you to do so.

You have also made a request for Brady material. The Government recognizes its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any Brady material regarding your client, but will provide timely disclosure if any such material comes to light.

The Government will provide material under Giglio v. United States, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

Disclosure By the Defendant

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

Peggy Cross, Esq.
May 8, 2008
Page 3

The Government also requests that the defendant disclose prior statements of witnesses he will call to testify. <u>See</u> Fed. R. Crim. P. 26.2; <u>United States</u> v. <u>Nobles</u>, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

Pursuant to Fed. R. Crim. P. 12.1(a), the Government hereby demands written notice if the defendant intends to offer a defense of alibi. The offense occurred on the dates, and at the times and places specified in the Indictment filed on April 25, 2008.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

The Government requests a response to our Rule 12.1, 12.2 and 12.3 demands within the time period allowed by the Court for the filing of motions.

## Sentence Reduction for Acceptance of Responsibility

This Office will oppose the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations, U.S.S.G. § 3E1.1(b)(2), in the event your client has not entered a plea of guilty two weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court two weeks in advance of the trial.

Please be advised that unless a disposition is reached on a timely basis prior to trial, this Office reserves the right to oppose the two-point reduction under the Sentencing Guidelines for acceptance of responsibility based upon its untimeliness. U.S.S.G. § 3E.1(a), Appl. Note 1.(g).

Peggy Cross, Esq.
May 8, 2008
Page 4

      Please contact me at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.

                      Very truly yours,

                      MICHAEL J. GARCIA
                      United States Attorney

By: _____

                      Glen Kopp
                      Assistant United States Attorney
                      Tel: (212) 637-2210
                      Fax: (212) 637-2527

Enclosures

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

UNITED STATES OF AMERICA            :            **08 CR. 375 (RPP)**

      - v -                              :

**KYRONE DOUGHTY,**                    :

           Defendant.            :

-----------------------------------------------------X


## DECLARATION OF KYRONE DOUGHTY


I, KYRONE DOUGHTY, hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that:

1.    I am the defendant in the above captioned criminal case, and I make this declaration in support of a motion pursuant to Rules 12(b)(3) and 41 of the Federal Rules of Criminal Procedure to suppress physical evidence and statements obtained from me by law enforcement authorities in violation of my constitutional rights.  Since the only purpose of this declaration is to show that my constitutional rights were violated, I have not included every detail of what occurred.

2.    After 10:00 on the night of April 3, 2008, I was standing on East 169th Street in the Bronx when I was approached by New York Police Department officers.

3.    Prior to the time they approached me, I was not engaged in any suspicious behavior such as staring at the officers' car or peering into car windows.

4.    As a result of my encounter with the police, they recovered a gun from me.

5.    I did not try to run away from the police.  At no time prior to the recovery of the gun was

there a visible bulge in my waistband nor did I adjust a bulge in my waistband.  At no

time during my encounter with the police did I place my hand on a bulge in my

waistband.


Dated:   Brooklyn, New York
         June 12, 2007


Kyrone Doughty