

**MEMO ENDORSED**

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*



*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 23, 2008

**BY FACSIMILE**
The Honorable Robert P. Patterson
United States District Judge
United States District Court
500 Pearl Street, Room 2550
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/23/08
```

Re:   **United States v. Kyrone Doughty,**
      08 Cr. 375 (RPP)

Dear Judge Patterson:

      The Government writes to address the defense's request to call Sergeant Stephen O'Hagan as a witness in the suppression hearing that commenced on Friday, July 18, 2008. Based on the proffer in this letter, as explained below, the Government does not believe that the testimony of Sergeant O'Hagan is necessary. However, he is available to testify tomorrow and/or Friday morning.

      The Government has spoken with Sergeant O'Hagan and proffers for the Court that, if called as a witness, Sergeant O'Hagan would testify, in sum and substance, as follows:

      On or about April 3 2008, after the defendant Kyrone Doughty was placed under arrest, a police officer called Sergeant O'Hagan to the scene at 169th Street and Union Avenue. Sergeant O'Hagan then went to the scene by car with two other officers, Officer Maloney and Officer Kipp. Upon arrival, Sergeant O'Hagan recalls speaking briefly with Officer Rodriguez. Officer Rodriguez gave a gun to Sergeant O'Hagan, and Sergeant O'Hagan recalls that the gun appeared to be in good condition. Sergeant O'Hagan recalls generally that Officer Rodriguez stated that Officer Rodriguez and Officer Omisore were in an unmarked vehicle; that their attention was drawn to individual who was standing with other individuals; that when Officer Rodriguez and Officer Omisore exited their unmarked vehicle, at some point Omisore and the defendant engaged in a struggle; that Office Rodriguez observed that the defendant had a gun on him during the struggle and called out "gun, gun, gun;" that Officer Rodriguez recovered the gun; and that the defendant was arrested.

The Honorable Robert P. Patterson
July 23, 2008
Page 2

    Sergeant O'Hagan does not recall whether Officer Rodriguez said there were two or three other people with the defendant before the officers exited their unmarked vehicle. Sergeant O'Hagan further does not recall seeing any of the individuals other than defendant when he arrived at the scene. Sergeant O'Hagan also does not recall asking or learning about any details regarding what drew the attention of the police officers to the defendant.

    Sergeant O'Hagan does not recall whether he spoke with Officer Omisore about what happened. As part of Sergeant O'Hagan's general practice, O'Hagan would normally speak with both officers, but Sergeant O'Hagan does not remember speaking with Officer Omisore.

    Following the defendant's arrest and Sergeant O'Hagan's conversation with Officer Rodriguez at the scene, Sergeant O'Hagan recalls speaking with Officer Rodriguez about paperwork and processing relating to the arrest. Sergeant O'Hagan does not remember any further the conversations with Officer Rodriguez about what led to the stop of the defendant.

    Sergeant O'Hagan prepared a form, which is attached, summarizing the arrest. Sergeant O'Hagan will be sending us a copy of his memo book relating to the arrest. He also recalls seeing a pedigree card relating to the arrest, which is attached.

    Based on this proffer, the testimony at the hearing, and the 3500 materials, we respectfully submit that there is no need for the defense to call Sergeant O'Hagan. Sergeant O'Hagan's testimony regarding what Officer Rodriguez stated to him about the arrest is <u>not</u> inconsistent with the testimony of Officer Rodriguez and/or Officer Omisore. Failing to demonstrate in good faith a potential inconsistency means that Sergeant O'Hagan's testimony regarding Officer Rodriguez's statements to him would be hearsay without any applicable exception.

    Should the Court permit the defense to call Sergeant O'Hagan, we have confirmed that O'Hagan is able to appear to testify tomorrow and/or on Friday morning.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: _____
Amanda Kramer
Assistant United States Attorney
(212) 637-2748

SEE TYPEWRITTEN MEMO ENDORSEMENT ATTACHED

Cc: Peggy Cross, Esq.

*[Handwritten endorsement]:* Application granted unless the Defendant withdraws its request for Sergeant O'Hagan, a hearing will be held on Friday, July 25, 2008 at 9:30 A.M. to hear this testimony. So ordered.

Robert Patterson, USDJ. 7/23/08

Case:      United States. v. Kyrone Doughty
Index No.  08 Cr. 375 (RPP)


MEMO ENDORSEMENT READS:

*Application granted.*

*Unless the Defendant withdraws his request for Sergeant O'Hagan, a hearing will be held on Friday, July 25, 2008 at 9:30 a.m. to hear his testimony.*

*So ordered.*

*Robert P. Patterson, Jr., U.S.D.J., 7/23/08*

**Police Department**
**City of New York**

SUOR #440/7

April 4, 2008

**From:** Housing Bureau Special Operations Section

**To:** Chief of Housing Bureau

**Subject:** **FIREARM ARREST IN THE CONFINES OF PSA 7 / 42 PCT. VICINITY OF FOREST HOUSES.**

1. On Thursday April 3, 2008 at approximately 2220hrs P.O. Rodriguez shield#9224 of the Housing Bureau Special Operations Section effected the arrest of Kyrone Doughty M/B/26 for Criminal Possession of a Weapon in the second degree. The circumstances are as follows.

2. On Thursday April 3, 2008 at approximately 2220 hrs, P.O. Chris Rodriguez shield #9224 and P.O. Steven Omisore shield #12938 were performing anti-crime patrol in the confines of the 42 pct in the Forest and McKinley Housing developments when they observed a group of males in front of 804 E 169st. Upon investigation the officers observed the perpetrator removing a silver firearm from his waist area and immediately subdued and arrested him. The perpetrator was identified as Kyrone Doughty M/B/26 DOB 3/22/82 of 808 E 169st apt 3. The firearm recovered was a .38 cal. Taurus revolver serial# AS54483, loaded with (5) rounds of hollow-point of ammunition. The perpetrator was removed to PSA 7 and processed under arrest #B08628297-H, on complaint # 2008-042-2554 and charged with Criminal Possession of a Weapon in the second degree. The perpetrator was subsequently removed to the 42 Pct Detective Squad and debriefed by Detective Brady.

3. The following were notified :

| | |
|---|---|
| Capt Olsen | C.O. HBSOS |
| Lt. Derrico | SOL HBSOS |
| Sgt. Dillapi | FIU |
| PAA Flores | OCCB FOD Log #479 |
| P.O. Kiernan | Housing Wheel Log #440/7 |
| Det. Brady | 42 PDU |

4. Submitted for your information.

Stephen O'Hagan
Sergeant

**PRISONER PEDIGREE CARD**
PD 244-092 (7-03)

DATE: 4/3/08   CMD: PSA7
LOG PAGE: ___   TIME OF ARRIVAL AT CMD: 2235

RANK / NAME (Last, First, M.I.): PO Rodriguez, Chris
TAX #: [redacted]   CMD: HP505   SQD: T-2

READ TO PERPETRATOR: "IT IS A CRIME TO KNOWINGLY MISREPRESENT YOUR ACTUAL NAME, DATE OF BIRTH OR ADDRESS TO A POLICE OFFICER" (FALSE PERSONATION P.L. 190.23 A MISDEMEANOR)

DEFENDANT'S NAME (Last, First, M.I.): Danoby, Kyrone
DOB: 3/22/82   AGE: 26   SEX: M   RACE: B/K

DEFENDANT'S ADDRESS: 803 E 169th St   APT #: 3
LOCATION OF ARREST: 804 E 169 St
PRIMARY CHARGE: CPW
OTHER CHARGES:
PROPERTY-TYPE & AMOUNT:

DEPENDENTS UNCARED FOR? ☐ YES ☒ NO   ☐ ADULT ☐ CHILD
WARRANT CHECK RESULTS: ___
WARRANT HIT: ☐ YES ☐ NO
INVESTIGATION CARD (WANT CARD) HIT: ☐ YES ☐ NO

PERSONAL PROP REMOVED? ☐ YES ☐ NO   TYPE: ___   AMOUNT: ___
DET SQD NTFD? ☐ YES ☐ NO

SUPERVISOR VERIFYING ARREST: Sgt. Obrien   TAX #: ___   DET. NAME: ___   SHIELD #: ___

TIME OF ARREST: 2220   FUNDS: ∅   FUNDS RET: ∅   PHYSICAL/MENTAL CONDITION: N/N

MEDICAL ATT REQUESTED? ☐ YES ☒ NO
R.M.A.? ☐ YES ☐ NO
ANY DISABILITIES? ☐ YES ☒ NO

REMOVE THE PRISONER'S BELT AND SHOE LACES — SAFEGUARD YOUR WEAPON!